Marcie E. Schaap #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:     (801) 201-1642
Facsimile:     (801) 666-7749
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba AMERICAN FORK HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>THE COLOR RUN, LLC, and UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:18-cv-00790-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, IHC HEALTH SERVICES, INC. ("IHC" or "Plaintiff" herein), operates several hospitals in the Intermountain Area, including AMERICAN FORK HOSPITAL, (the "Hospital"), in American Fork, Utah.

1

2. THE COLOR RUN, LLC ("Color Run" herein) is a foreign corporation.

3. UNITED HEALTHCARE SERVICES, INC. ("UHC" herein) is a foreign corporation.

4. Color Run and UHC may be referred to collectively herein as "Defendants."

5. Color Run is the Plan Administrator of the Plan.

6. Color Run sponsored an Employee Health and Welfare Plan (the "Plan") of which M.D. was a participant and beneficiary.

7. Color Run contracted with UHC to act as Claims Administrator for the Plan.

8. UHC is an agent of Color Run in the administration of the Plan.

9. M.D. signed an Assignment of Benefits ("AOB") for the claims herein.in favor of the Plaintiff.

10. Therefore, Plaintiff rightfully stands in the shoes of M.D. as a beneficiary of the Plan and the proper party to bring this suit as per the AOB.

11. The Plaintiff provided medical services to M.D. on October 6, 2015 ("Date of Service").

12. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendants refuse to pay in full.

13. This is an action brought under ERISA.  This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1).  Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants (or their agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah.  Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

14. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### A. Amount Owed

15. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

16. The Billed Charges for M.D.'s treatment were $38,799.44.

17. The Defendants paid $0.00 of the claim.

18. A balance of $38,799.44, plus interest, remains due to the Plaintiff by the Defendants for the services Plaintiff rendered to M.D.

### B. Claims and Claim Processing

19. The Plaintiff's claim was submitted in a timely manner.

20. The Defendants denied the claim, contending that the treatment was not medically necessary.

21. M.D. sought treatment at the Hospital for chronic pelvic pain due to ovarian varicose veins.

22. Dr. Ryan Nielsen performed a bilateral gonadal venogram with chemical and coil embolization procedure to block the abnormal blood flow.

23. The procedure has been the subject of a significant amount of peer reviewed literature that demonstrates the efficacy with long-term beneficial results.

24. The procedure is performed successfully in more than 95% of cases with 85-95% of women reporting significantly improved symptoms.

25. Plaintiff appealed Defendants' adverse benefit determination that the treatment provided to M.D. was not medically necessary

26. In a letter from UHC dated December 10, 2015, Defendants denied Plaintiff's appeal, asserting the treatment is not proven to be helpful for chronic pelvic pain.

27. Plaintiff sent another appeal to Defendants including a letter from Dr. Nielsen explaining the success of the procedure and listing 26 peer-reviewed articles supporting the success of procedure for treating pelvic pain and ovarian varicose veins.

28. In a letter from UHC dated June 12, 2016, Defendants upheld their denial of benefits payment.

29. Plaintiff again appealed on July 12, 2016.

30. In a letter from UHC dated July 20, 2016, Defendants stated that they would review the appeal and respond within the time limits of the Plan, but did not provide such a response.

31. On November 2, 2016, Plaintiff sent a final appeal to Defendants.

32. Defendants did not respond to the appeal sent on November 2, 2016.

33. The Plaintiff contacted the Defendants (or their agents) on numerous occasions to attempt to resolve any issues that the Defendants had with the claim.

34. The Plaintiff has kept a record of communications it had with the Defendants (or their agents) during the claims and appeal processes.

35. The Plaintiff has exhausted its administrative remedies.

36. A copy of all such communication records were sent to the Defendants (or their agents) prior to this litigation being filed.

37. The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment it rendered to M.D.

**FIRST CAUSE OF ACTION**
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

38. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

39. The Plaintiff has submitted all proof necessary to the Defendants to support its claim for payment.

40. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

41. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendants to deny this claim.

42. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of the claims for M.D.'s treatment.

43. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

44. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

45. The actions of the Defendants, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

46. The actions of the Defendants have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

47. The Defendants have not offered any proof that Plaintiff's billed charges were not medically necessary.

48. The actions of the Defendants have caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

49. The Defendants are responsible to pay the balance of the claim for M.D.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

**SECOND CAUSE OF ACTION**
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

50. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

51. The Defendants have breached its fiduciary duties under ERISA in the following ways:

   A. The Defendants have failed to discharge its duties with respect to the Plan:

      1. Solely in the interest of the participants and beneficiaries of the Plan and

      2. For the exclusive purpose of:

         a. Providing benefits to participants and their beneficiaries; and

         b. Defraying reasonable expenses of administering the Plan.

      3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with

    such matters would use in the conduct of an enterprise of a like character and with like aims;

  4. By failing to fully investigate the Plaintiff's claims.

  5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

  6. And in other ways to be determined as additional facts are discovered.

52. The Defendants, in breaching its fiduciary duties under ERISA, have caused damage to the Plaintiff in the form of denied medical benefits.

53. In addition, as a consequence of the Defendants' breach of fiduciary duties, the Plaintiff has been required to obtain legal counsel and file this action.

54. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

55. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating M.D., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

## THIRD CAUSE OF ACTION
(Failure to Produce Plan Documents - 29 U.S.C. §§1024(b)(4) and 1132(c)(1))

56. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

57. The Plaintiff has requested the Summary Plan Description ("SPD") and Plan Document in writing from the Defendants and/or their agents on the following dates:

    A.      01/25/16;

    B.      05/03/16;

    C.      07/12/16; and

    D.      11/02/16.

58. To date, the Defendants have failed or refused to send a copy of the SPD and Plan Document to the Plaintiff.

59. The actions of the Color Run in failing to provide, within thirty (30) days after the initial written request was made, a copy of relevant Plan documents, as requested by the Plaintiff, are a violation of the provisions of 29 U.S.C. §1024(b)(4).

60. The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendants' denial was meritorious.

61. In addition, as a consequence of the failure of the Defendants to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

62. Pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action

pursuant to the provisions of 29 U.S.C. § 1132(g). Each new request begins a new and separate calculation.

63. The maximum statutory damages which have accrued to date for the written requests which Plaintiff has made for the SPD and Plan Document is $354,860.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $38,799.44, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $38,799.44, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. Upon Plaintiff's Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each written request for plan documents, to the date of production of the requested documents against Color Run, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

4. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

//

DATED this 9th day of October, 2018.

                              **MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

                              By:  /s/ Marcie E. Schaap
                                     Marcie E. Schaap
                                     Attorney for Plaintiff